## COHLE et v RICKETTS

Ohio Appeals, 1st Dist, Hamilton Co

No 4247. Decided April 3, 1933

Raymond Huwe and Wm. R. Collins, Cincinnati, for plaintiff in error.

J. Paul Geoghegan, Cincinnati, for defendant in error.

### OPINION

By ROSS, J.

The evidence showed that the order was placed with Cohle and Tyree by Ricketts through a salesman of the Company, and that the Company was acting as a broker in the transaction. The stock was ordered at a price of $16.00, but was not purchased until some few days had passed, owing to the fact that the market was higher than the figure in the order. It was purchased at a figure slightly less than $16.00 and in a falling market. Ricketts refused to pay for the stock.

After verdict, a request was made by the plaintiff to amend the petition, it being sought to change the petition so that it would show that the claim was based upon a relationship between the parties of broker and principal, as the evidence showed, rather than on that as alleged in the petition originally of vendor and purchaser. It is claimed that such amendment after verdict is authorized by §11363, GC, which provides as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment."

Obviously this contention is based upon a premise which ignores the limitation plainly stated in the section that the amendment to be permitted "does not substantially change the claim or defense."

The amendment in this case would have resulted in a most substantial change in the claim of plaintiff, and the court, therefore, properly refused the leave to amend.

The court having instructed a verdict it becomes necessary to examine the record to see whether there was any evidence sustaining the necessary allegations of the petition, construing it most favorably to the plaintiff.

There is no evidence that Ricketts purchased the stock from the Company, but as said before, on the contrary, he employed the Company through its salesman as his agent to purchase the stock for him.

If the stock had been purchased from the Company, a tender would necessarily be required, and there is no evidence of such tender.

A verdict should have been instructed for the defendant, and the judgment was therefore correct.

The court instructing a verdict for the plaintiff in effect placed the costs upon the defendant. The fact that the judgment did not conform to the verdict is the only error appearing in the record, and as this merely affects the costs, and this court has held it will not reverse where costs are the only issue, the judgment will not be disturbed especially as it conforms to the judgment that should have been rendered, and which this court would have entered had the judgment been otherwise.

The judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.